# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

COREY R. LEWANDOWSKI,           :
                                :
                Plaintiff,      :
                                :    Civil Action No.:    01-1517 (RMU)
        v.                      :
                                :    Document No.:        2
PROPERTY CLERK,                 :
Metropolitan Police Department, :    **FILED**
                                :
                Defendant.      :    FEB 2 7 2002

                                     Clerk, U.S. District Court
                                     District of Columbia

## MEMORANDUM OPINION

### GRANTING THE DEFENDANT'S MOTION TO DISMISS

## I. INTRODUCTION

Corey R. Lewandowski ("the plaintiff") brings this action against the defendant Property Clerk[1] as an officer of the Metropolitan Police Department for an alleged due-process violation on the basis of deprivation of property. The alleged violation stems from the defendant's refusal to return the plaintiff's pistol. The defendant moves to dismiss or, in the alternative, for summary judgment, arguing that the doctrines of res judicata and collateral estoppel bar the plaintiff's claims. The plaintiff seeks damages under 42 U.S.C. § 1983 for loss of property and mental anguish. Because the court rules that the doctrine of res judicata applies in this case, the court will grant the defendant's motion to dismiss.

---

[1] The plaintiff's complaint states that he is suing the Property Clerk in his "individual capacity." *See* Compl. at 2. Because claims brought pursuant to 42 U.S.C. § 1983 must name a state or local official in his official capacity, however, the court will assume that although the plaintiff said he sues the defendant in his "individual capacity," the plaintiff actually intends to sue the defendant in his "official capacity." *See* 42 U.S.C. § 1983; *Kolar v. County of Sangamon*, 756 F.2d 564, 568 (7th Cir. 1985) (stating that when a plaintiff lists a defendant's job title in the caption of the complaint, courts will treat the complaint as suing the defendant in his "official capacity"); *Shockley v. Jones*, 823 F.2d 1068, 1071 (7th Cir. 1987) (instructing courts to look to the manner in which the parties have treated the suit).



## II. BACKGROUND

On April 30, 1999, the United States Capitol Police arrested Mr. Lewandowski when he attempted to enter the Longworth House Office Building carrying a loaded .40 caliber pistol in his overnight bag. *See* Compl. at 1; Def.'s Mot. to Dismiss or, in the alternative, for Summary Judgment ("Mot. to Dismiss") at 1. At the time of Mr. Lewandowski's arrest, the officers seized a pistol, three pistol magazines, a holster, and several rounds of ammunition. *See* Compl. at 1. Prosecutors charged Mr. Lewandowski with attempted carrying of a pistol without a license. *See id.* A D.C. Superior Court Judge acquitted him in a bench trial on September 23, 1999. *See id.* at 1-2.

On October 9, 1999, Mr. Lewandowski filed a "Motion to Return Property" in the Criminal Division--Misdemeanor Branch of the Superior Court. *See* Compl. at 2; Mot. to Dismiss at 1. On November 1, 1999, the Superior Court denied Mr. Lewandowski's motion to return his weapon pursuant to the dangerous articles provision of the D.C. Code. *See* D.C. CODE ANN. § 22-3217(e) (2001);[2] Compl. at 2; Mot. to Dismiss Ex. 1-4. The Superior Court not only found that the plaintiff did not lawfully possess the weapon and did not have a license to carry the weapon, but also specifically noted that Mr. Lewandowski did not raise the issue of adequacy of notice during the trial. *See* Mot. to Dismiss Ex. 3 (citing *United States v. Lewandowski*, Case No. M-4993-99, Order dated November 1, 1999 at 2-3). Mr. Lewandowski filed a motion for reconsideration in the Superior Court, which the court denied on December 6, 1999. *See* Compl. at 2; Pl.'s Opp'n to Def.'s Mot. ("Pl.'s Opp'n") Ex. 1-4. The District of Columbia Court of

---

[2] The provision that governs the seizure of dangerous articles is now contained in D.C. CODE ANN. § 22-4517 (2001).

Appeals affirmed the Superior Court's denial of Mr. Lewandowski's motion for return of his property on December 19, 2000. *See* Compl. at 2.

On December 22, 2000, Mr. Lewandowski's attorney wrote to the defendant in this case requesting the immediate return of the pistol, magazines, holster and ammunition. *See id.* The defendant did not return Mr. Lewandowski's property. *See id.*

On July 12, 2001, Mr. Lewandowski filed this complaint in the United States District Court for the District of Columbia alleging deprivation of property without due process of law. *See* Compl. at 1. Specifically, the plaintiff alleges that the defendant never provided him with notice explaining why the defendant seized the property. *See id.* at 2. On August 7, 2001, the defendant moved to dismiss or, in the alternative, for summary judgment. The defendant argues that res judicata and collateral estoppel bar the plaintiff's claims. Accordingly, the defendant moves the court to dismiss the plaintiff's claim for failure to state a claim on which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* FED. R. CIV. P. 12(b)(6). The court agrees with the defendant's argument and will grant the motion to dismiss.

## III. ANALYSIS

### A. Legal Standard

Res judicata bars a claim when there has been a final judgment on the merits in a prior suit involving the same parties or their privies and the same cause of action. *See I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 946-47 (D.C. Cir. 1983). A nonparty may be considered in privity with a party to the prior action if the

nonparty's interests are "adequately represented by a party to the original action."[3]  *See*

*American Forest Res. Council v. Shea*, 172 F. Supp.2d 24, 31 (D.D.C. 2001) (quoting

*Tyus v. Schoemehl*, 93 F.3d 449, 454 (8th Cir. 1996)).  The doctrine of res judicata

applies to all the parties' rights regarding matters that could have been litigated as well as

those matters that were actually litigated.  *See I.A.M. Nat'l Pension Fund*, 723 F.2d at

947.  The purpose of res judicata is to "conserve judicial resources, avoid inconsistent

results, engender respect for judgments of predictable and certain effect, and to prevent

serial forum-shopping and piecemeal litigation."  *Hardison v. Alexander*, 655 F.2d 1281,

1288 (D.C. Cir. 1981).

### B.  Res Judicata Bars the Plaintiff from Bringing this Claim

The defendant argues that res judicata applies in this case and serves to preclude

the plaintiff's instant action.  *See* Mot. to Dismiss at 3-4.  The plaintiff counters by

asserting that neither the parties nor the cause of action are the same in the Superior Court

case and the plaintiff's case before this court.  *See* Pl.'s Opp'n at 2-4.  The plaintiff first

relies on the fact that the parties in both cases are not, on their face, identical.  *See id.* at

2.  While acknowledging that Mr. Lewandowski is a party to both cases, the plaintiff

contends that the United States was the opposing party in the case before the Superior

Court and the Property Clerk is the opposing party here.  *See id.* at 6.

A privy is a party "so identified in interest" with a party to the former litigation

that he or she represents almost identical legal interests.  *See Smith v. Jenkins*, 562 A.2d

610, 615 (D.C. 1989).  Courts have long held that "parties nominally different may be, in

legal effect, the same."  *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402

---

[3] The Eighth Circuit calls this doctrine "virtual representation" and applies it on a case-by-case basis using a fact-specific inquiry.  *See Tyus v. Schoemehl*, 93 F.3d 449, 455-56 (8th Cir. 1996).

(1940); *see also* 18 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4449 ("[a]s the preclusive effects of judgments have expanded to include nonparties in more and more situations . . . it has come to be recognized that the privity label simply expresses a conclusion that preclusion is proper").

For purposes of res judicata, there is privity between a government and its officers. *See id*. at 402-03 (explaining that "a judgment in a suit between a party and a representative of the United States is res judicata in relitigation of the same issue between that party and another officer of the government)." The Property Clerk of the Metropolitan Police Department is clearly in privity with the United States as its officer and in its interest in retaining Mr. Lewandowski's pistol pursuant to the dangerous articles provision of the D.C. Code. Because a suit that binds the United States binds its subordinate officials, Mr. Lewandowski's claim in the instant case is simply an attempt to sue the government again. *See id*. at 403.

Turning to the cause of action issue, the plaintiff argues that the Superior Court case involved a request for return of property whereas the instant case involves a 42 U.S.C. § 1983 damages suit for violation of the plaintiff's due process rights. *See* Pl.'s Opp'n at 4. The defendant counters that the plaintiff failed to raise the due process issue of notice before the Superior Court and therefore cannot raise the issue before this court. *See* Mot. to Dismiss at 4.

For purposes of determining whether two cases involve the same causes of action, the D.C. Circuit has adopted the "pragmatic, transactional" approach found in the Restatement (Second) of Judgments § 23(2) (1982). *See U.S. Industries v. Blake Construction Co.*, 765 F.2d 195, 205 (D.C. Cir. 1985). Under the transactional approach, the court considers "whether the facts are related in time, space, origin, or motivation,

whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Id.* at 205; *see also I.A.M. Nat'l Pension Fund,* 723 F.2d at 949 n.5. Here, the plaintiff's claims in the prior and instant cases arose from a single "transaction," namely the refusal of the government to return the plaintiff's pistol. The only difference between the plaintiff's two suits is that the plaintiff asserts different theories of recovery in each.

Because the doctrine of res judicata dictates that "once a transaction has caused injury, all claims arising from that transaction must be brought in one suit or be lost," the plaintiff cannot introduce a due process claim in this proceeding that he failed to argue before the Superior Court. *See Car Carriers, Inc. v. Ford Motor Company,* 789 F.2d 589, 593 (7th Cir. 1986). In the Superior Court trial, Judge Kravitz specifically noted that the plaintiff failed to raise an "issue of adequacy of notice." *See United States v. Lewandowski,* Case No. M-4993-99, Order dated November 1, 1999 at 2-3. Indeed, because the plaintiff lost his case in Superior Court, "the mere transfer of [his] claim based upon the same transaction from the courts of one jurisdiction to those of the next, with the attendant change in governing law" cannot suffice to escape claim preclusion. *See Smith,* 562 A.2d at 614.

The court concludes that the doctrine of res judicata bars the plaintiff's claim. The defendant alternatively argues that the plaintiff's claims should be dismissed based on collateral estoppel and on Federal Rule of Civil Procedure 12(b)(6). Because the court concludes that res judicata bars the instant action, the court need not address the remaining arguments.

## IV.  CONCLUSION

For all these reasons, the court grants the defendant's motion to dismiss.  An order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this _24_ day of February, 2002.

Ricardo M. Urbina
United States District Judge